**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5182**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

DOMINIQUE TRACY SANDERS,

             Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00007-LHT-1)

Submitted:  June 10, 2009          Decided:  August 10, 2009

Before TRAXLER, Chief Judge, and MICHAEL and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Tracy Sanders pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of possession and use of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Sanders was sentenced to sixty-three months for his narcotics conviction, and sixty months for his weapons conviction, the latter term to run consecutive to the former term for a total of 123 months.

Counsel for Sanders has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that she found no meritorious grounds for appeal because of the appellate waiver contained in Sanders' plea agreement, but nonetheless challenging the reasonableness of Sanders' sentence on the narcotics conviction. The Government declined to file a responding brief, and Sanders has not filed a pro se supplemental brief. We affirm Sanders' convictions and his sixty-month sentence on the weapons conviction, but vacate his sixty-three month sentence on the narcotics conviction and remand for re-sentencing on that conviction.

In accordance with Anders, we have reviewed the record in this case, searching for meritorious issues for review. Prior to accepting a guilty plea, a trial court,

2

through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

A review of the record reveals that the magistrate judge fully complied with the Rule 11 requirements, ensuring that Sanders' plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Because we find that no error occurred during the Rule 11 hearing, we affirm Sanders' convictions.

We nonetheless conclude that Sanders' sentence on his narcotics conviction is unreasonable and should be vacated.[*]

---

[*] Because Sanders was sentenced to the statutory minimum on his weapons conviction, we affirm the district court's sentence on this conviction. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is *per se* reasonable.") (emphasis in original), cert. denied, 129 S. Ct. 743 (2008).

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence on appeal for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We find that the district court procedurally erred when it sentenced Sanders on the narcotics conviction without stating in open court the particular reasons supporting the sentence. Under our recent decision in Carter, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's

4

arguments and explain why he has rejected those arguments." Carter, 564 F.3d at 328. Even when the district court imposes a within Guidelines sentence, Carter makes clear that the district court must place on the record an "individualized rationale" explaining its sentence. Id. at 328-30. Here, the district court failed to provide such an explanation. We remand for that purpose.

Having reviewed the record in this case and finding no other meritorious issues for review, we affirm Sanders' convictions, as well as his sentence on the weapons conviction, vacate his sentence on the narcotics conviction, and remand to the district court for re-sentencing on that conviction in accordance with this opinion. This court requires that counsel inform Sanders in writing of his right to petition the Supreme Court of the United States for further review. If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

5